JOSEPHINE MUSSI, Individually and as Guardian ad Litem of ENRICO MUSSI, an Alleged Incompetent Veteran, Plaintiff, v. MARY S. MUSSI, Defendant.

Supreme Court, Special Term, New York County, October 11, 1946.

*M. H. Miller for plaintiff* for the motion.

*S. Leighton Frooks* for Enrico Mussi.

*Frank Klipper* for Veterans' Administration.

HAMMER, J. Motion to bring in as parties defendant Enrico Mussi, individually, and Joseph A. Martinis, committee of the person and property of said Enrico Mussi, a veteran adjudged incompetent to manage himself and his affairs, is denied. Plaintiff, mother of the incompetent, individually and on her own behalf, seeks to annul the marriage of her son to the defendant on the ground that the defendant at the time of the marriage had a former husband living and the former marriage was then in force. Section 1134 of the Civil Practice Act provides that an action to annul a marriage upon such ground may be maintained by either of the parties during the lifetime of the other, or by the former husband or wife. Unlike sections 1136 and 1137 of the Civil Practice Act, which give a right to bring an action to a relative who has an interest to avoid the marriage of an idiot or lunatic, and unlike section 1139 of the Civil Practice Act, which gives to the parent, or relative having an interest to avoid the marriage, or the guardian of the person a right to bring an action to annul the marriage on the ground of force, duress or fraud, no right to bring this action is given to plaintiff by section 1134 of the Civil Practice Act.